UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MITCHELL REPAIR INFORMATION COMPANY, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C.J. RUTCHEY d/b/a AUTOMOTIVE HOBBYISTS DIGITAL ONLINE LIBRARY<br><br>　　　　Defendant. | CASE NO. C08-500 RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE |

　　This matter comes before the Court on Plaintiff's "Motion for Order to Show Cause." (Dkt. #20). In this copyright infringement action, the Court granted Plaintiff's motion for default judgment and permanently enjoined Defendant C.J. Rutchey from infringing upon Plaintiff Mitchell Repair Information Company, LLC's ("MRIC") copyrighted works. (Dkt. #19). The Court also awarded MRIC $30,000 in statutory damages, plus an additional $13,109.60 in attorneys' fees and $975.40 in costs, for a total of $44,085. (*Id.*).

　　MRIC subsequently provided Defendant with notice of the Court's Order. Nevertheless, it appears that Defendant has ignored the terms of the Court's Order. MRIC indicates that Defendant has registered his site with another company located overseas, and continues to sell infringing products through a different website. As a result, MRIC brought the instant motion requesting that the Court require Defendant to show cause why he failed to comply with the terms of the Court's October 21, 2008 Order.

ORDER
PAGE - 1

"[P]ersons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to that order." *GTE Sylvania, Inc. v. Consumers Union of the United States, Inc.*, 445 U.S. 375, 386 (1980) (citations omitted). "[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Spallone v. United States*, 493 U.S. 265, 276 (1990) (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)). Civil contempt sanctions are "coercive [and] designed to exact compliance with a prior court order." *United States v. Perry*, 116 F.3d 962, 956 (1st Cir. 1997).

In light of this well-established case law, the Court finds good cause to grant MRIC's motion given the facts of this case. Defendant has repeatedly failed to respond to MRIC's pleadings, which ultimately resulted in the Court granting MRIC's default judgment. Defendant has also failed to respond to the instant motion, further exemplifying his noncompliance. The record is replete with several examples of Defendant blatantly ignoring MRIC's correspondence. As a result, the Court directs Defendant to show cause why he should not be held in contempt.

The Court finds it worthwhile to notify Defendant of the following rule of the Court:

> [A] party who without just cause fails to comply with any of the Federal Rules of Civil Procedure, or these rules, or orders of the court, or who presents to the court unnecessary motions or unwarranted opposition to motions, or who fails to prepare for presentations to the court, or who otherwise so multiplies or obstructs the proceedings in such a case as to increase the cost thereof unreasonably and vexatiously, *may, in addition to, or in lieu of the sanctions and penalties provided elsewhere in these rules, be required by the court to satisfy personally such excess costs*, and may be subject to such *other sanctions* as the court may deem appropriate.

Local Rule GR 3(d) (emphasis added).

The Court further advises Defendant that "other sanctions" may include imprisonment where a party refuses to do an affirmative act required by the provisions of an order. *See Perry*, 116 F.3d at 956.

Therefore having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

ORDER
PAGE - 2

1  (1) Plaintiff's "Motion for Order to Show Cause" (Dkt. #) is GRANTED.  Defendant C.J. Rutchey is ORDERED TO SHOW CAUSE in writing why he should not be held in civil contempt for failing to comply with the Court's Judgment and Order of permanent injunction <u>no later than twenty (20) days from the date of this Order</u>.  Defendant is on notice that failure to comply with the directions of the Court will result in substantial sanctions.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this  27  day of April, 2009

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

.

ORDER
PAGE - 3