UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| MITCHELL REPAIR INFORMATION COMPANY, LLC, | ) ) ) | CASE NO. C08-500 RSM |
| Plaintiff, | ) ) ) | ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM |
| v. | ) ) | JUDGMENT AND CORRECTION OF CLERICAL MISTAKES |
| C.J. RUTCHEY d/b/a AUTOMOTIVE HOBBYISTS DIGITAL ONLINE LIBRARY, | ) ) ) ) | |
| Defendant. | ) ) | |

     This matter comes before the Court on Plaintiff's "Motion for Relief from Judgment and Correction of Clerical Mistakes" (Dkt. #27). Plaintiff Mitchell Repair Information Company, LLC ("MRIC") obtained a default judgment against Defendant C.J. Rutchey ("Defendant") enjoining Defendant from infringing MRIC's copyrights and awarding MRIC damages. (Dkt. #19). In attempting to garnish one of Defendant's bank accounts, MRIC learned that "C.J. Rutchey" is an assumed name for Defendant's given name, Christopher Mark Rutchey. Since Christopher Mark Rutchey is not listed on the Default Judgment Order, MRIC is having difficulty collecting. MRIC moves to correct the judgment to include the name "Christopher Mark Rutchey" along with Defendant's alias "C.J. Rutchey" pursuant to Federal Rule of Civil Procedure 60(a).

ORDER
PAGE - 1

1    MRIC filed suit against Defendant for copyright infringement when it noticed its

2  copyrighted wiring diagrams being sold on Defendant's web site.  MRIC obtained

3  Defendant's name and contact information through a subpoena of the domain registration

4  company for that site.  According to the subpoenaed records, "C.J. Rutchey" operated the

5  infringing web site.  The records listed a physical address at 8500 Cimarron Way, Maple

6  Falls, Washington.  That address, however, turned out to be a vacant lot.

7    A search by MRIC's process server revealed only one individual in Washington state

8  with the surname "Rutchey," one Christopher Mark Rutchey.  Vehicle licensing records

9  indicated that Christopher Mark Rutchey's vehicle was registered to the same address listed

10  on the web site, the vacant lot.  The vacant lot is owned by Jesse Kebel, who, according to

11  Washington state records, co-owned a company, U.S. Micro, Inc., with "Chris Rutchey."

12  Kebel and Rutchey were co-registrars of the infringing web site.

13    Defendant never responded to the pleadings, but he did e-mail MRIC's counsel

14  acknowledging that he had notice of the suit and requesting an extension of time to respond.

15  In that e-mail, Defendant identified himself as "C.J." and used the e-mail address

16  cj7@ahdol.com.

17    Defendant used PayPal to process transactions over his web site.  MRIC subpoenaed

18  Defendant's PayPal account records and discovered that the account was held by C.J. Rutchey

19  and Jesse Kebel, that the listed mailing address was the Maple Falls vacant lot, and the listed

20  e-mail address was Chris@ahdol.com.  The PayPal records also indicated a bank account with

21  the People's Bank of Washington associated with the name "C.J. Rutchey."  Subpoenaed

22  records from the People's Bank of Washington revealed that the account is listed with the

23  bank under the name "Christopher Rutchey," and the social security number and birth date

24  confirm that the owner of the account is Christopher Mark Rutchey.

25    It is clear from these facts, and this Court so finds, that Defendant C.J. Rutchey's legal

26  name is Christopher Mark Rutchey.  And in so finding, the judgment may be corrected to

27  reflect Defendant's true name.

28

ORDER
PAGE - 2

Federal Rule of Civil Procedure 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  "A district court has very wide latitude in correcting clerical mistakes in a judgment."  *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987). In the Ninth Circuit, the question of whether a judgment may be altered centers around "what the court *originally intended* to do."  *Id.* (emphasis in original).  Rule 60(a) may be used to make a judgment reflect the "actual intentions" of the court.  *Id.*  It allows corrections of mistakes even when the mistakes were not committed by the clerk.  *Jones & Guerrero Co., Inc. v. Sealift Pac.*, 650 F.2d 1072, 1074 (9th Cir. 1981).

It has been this Court's intention at all times to hold Defendant, the operator of the infringing web site, liable to MRIC regardless of Defendant's names or aliases.  Thus it is appropriate to correct the judgment in this case to reflect Defendant's true name, Christopher Mark Rutchey.  *See Blanton*, 813 F.2d at 1577.

Additionally, courts have specifically held that Rule 60(a) allows the court to correct judgment errors with respect to a defendant's name.  In *Fluoro Electric Corporation v. Branford Associates*, the Second Circuit upheld a district court's post-judgment substitution of "Branford Associates" for "Branford Associates, a corporation" as the defendant in that case.  489 F.2d 320 (2nd Cir. 1973).  The court reasoned that there had been no confusion between the trial judge, plaintiff, or jury as to which group of people signed the contract at issue in that case and therefore, the correction of the defendant's name to reflect a partnership rather than a corporation was a "correction of a 'misnomer' rather than the substitution of a party."  *Id.* at 324-25.  The case stands for the simple proposition that "[i]f a person sues and intends to sue a particular person or entity, Rule 60 is an appropriate vehicle through which to correct an inadvertent error in the name of the defendant."  *PacifiCorp Capital v. Hansen Properties*, 161 F.R.D. 285, 288 (S.D. N.Y. 1995).

In *PacifiCorp*, the plaintiff obtained a default judgment against "Hansen Properties." 161 F.R.D. 285.  The defendants argued that this judgment was not enforceable against Hansen Properties, Inc. ("HPI"), which had just recently formed from Hansen Properties, a

sole proprietorship.  The court ruled that where there was "no doubt" that HPI was the

defendant all along and that it had been effectively served process, it was proper to correct the

judgment to reflect the defendant's true name, even if it reflected a different legal entity.  *Id.*

at 287-88.

The present case is much simpler than *PacifiCorp* or *Fluoro Electric*.  Those cases

involved corporations and business associations, meaning that changing the name of the

defendant changed the legal entity responsible for the judgment.  In this case, by contrast,

MRIC seeks only to add an alternate name for the same individual.  Defendant Rutchey is

legally the same entity, the same individual, regardless of the name he uses.

Finally, common sense dictates that the judgment should be corrected to reflect all of

Defendant's names.  An individual cannot protect assets or shield himself from liability

simply by using a pseudonym.  Accordingly, the judgment will be corrected to include

Defendant's true name, Christopher Mark Rutchey in addition to his alias, C.J. Rutchey.

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto,

and the remainder of the record, the Court hereby finds and ORDERS:

(1)  Plaintiff's "Motion for Relief from Judgment and Correction of Clerical Mistakes"

(Dkt. #27) is GRANTED.

(2)  The Clerk is directed to correct Defendant's name on the docket to "C.J. Rutchey,

also known as Christopher Mark Rutchey, doing business as Automotive Hobbyists Digital

Online Library."

(3)  The Default Judgment (Dkt. #19) shall be corrected to include Defendant's legal

name "Christopher Mark Rutchey" in addition to his alias "C.J. Rutchey."  To implement this,

the Court will issue a Corrected Default Judgment.  The Corrected Default Judgment is not a

new judgment, but a corrected version of the previous Default Judgment (Dkt. #19).

(4)  The Clerk is directed to forward a copy of this Order to all counsel of record.

//

//

ORDER
PAGE - 4

DATED this 2nd day of October, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 5